UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RUBEN ROSADO,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Civil Action No. 15-718(FLW)<br><br>MEMORANDUM OPINION |

This matter having been opened to the Court by Petitioner Ruben Rosado's filing of a *pro se* motion to vacate, set aside or correct his sentence ("Petition") pursuant to 28 U.S.C. § 2255. For the reasons explained in this Memorandum Opinion, the Court will dismiss the Petition as untimely and declines to issue a Certificate of Appealability.

The Court previously screened the Petition for dismissal and issued an Order to Show Cause ("OTSC") directing Petitioner to state why his Petition should not be dismissed as untimely and to provide any arguments he may have in support of equitable tolling. (*See* ECF No. 3.)

Petitioner filed his motion to vacate on January 28, 2015.[1] As he was sentenced on January 11, 2010 (Crim. No. 08-284), and did not appeal (*See* Civ. No. 15-718, No. 1 at 2), Petitioner's conviction became final 14 days later on January 25, 2010.

Pursuant to 28 U.S.C. § 2255(f),

> A 1–year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
> (1) the date on which the judgment of conviction becomes final;

---

[1] The Court applied the prisoner mailbox rule. *See Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 n.2 (3d Cir. 2013) (describing prisoner mailbox rule generally).

> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Where a defendant fails to appeal his conviction, the conviction becomes final for the purposes of the statute of limitations on the date on which the time for filing an appeal expires. *See, e.g.*, *Antigua–Diaz v. United States*, Civil Action No. 11–6082, 2012 WL 4194500, at *2 (D.N.J. Sept. 27, 2012). At the time Petitioner was sentenced on January 11, 2010, the time for such an appeal was 14 days after the entry of judgment. *See* Fed. R. App. P. 4(b)(1)(A). Here, the instant Petition was filed more than four years after the 1-year statute of limitations expired. *See* 28 U.S.C. § 2255(f)(1).

Although § 2255(f) provides a strict limitations period for habeas petitions, the courts have recognized that the statute may be equitably tolled where extraordinary circumstances so warrant. *United States v. Thomas*, 713 F.3d 165, 174 (3d Cir. 2013). Equitable tolling should be granted sparingly and only when the principles of equity would make the rigid application of a limitation period unfair. *See Thomas*, 713 F.3d at 174 (citing *Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011)). A petitioner must establish that he has diligently pursued his rights and that extraordinary circumstances stood in his way and prevented timely filing in order to be eligible for equitable tolling. *Id.* (citing *Holland v. Florida*, 560 U.S. 631, 130 S.Ct. 2549, 2562–63, 177 L.Ed.2d 130 (2010)). Mere excusable neglect is not sufficient. *Id.*

Petitioner filed a response to the OTSC (ECF No. 6), but he does not provide <u>any facts</u> in support of equitable tolling. Instead, he appears to rely on § 2255(f)(4), and states that the language "could have been discovered" is vague and that the Court should not limit Petitioner's access to habeas relief based on this vague language. That subsection deals with newly-discovered evidence; in such a case, the one-year statute of limitations begins to run from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). In his Petition, however, Petitioner's only claim for relief alleges that his plea was involuntary (ECF No. 1, Pet. at 4), and this claim does not deal with newly discovered evidence; as such, that subsection is inapplicable. Because Petitioner has not provided the Court with any basis for equitable tolling, the Court will dismiss his Petition as untimely.

The Court notes that after Petitioner submitted his response to the OTSC, he submitted an undated letter to the Court, in which he asks the Court to take judicial notice of the Supreme Court's recent decision in *Molina-Martinez v. United States*, 136 S.Ct. 1338 (2016) and consider that ruling in connection with an unspecified error in his Guidelines calculation. In *Molina-Martinez*, the Court held that an erroneous Guidelines calculation that affected the defendant's Guidelines range by only seven months constituted reversible error. The Court established that "[w]hen a defendant is sentenced under an incorrect Guidelines range—whether or not the [sentence imposed] falls within the correct range – the error itself can, and most often will, be sufficient to show a reasonable probability of a different outcome absent the error." In deciding *Molina-Martinez*, the Supreme Court resolved a circuit split, and rejected the Fifth Circuit's rule requiring such a defendant to identify "additional evidence" to show that use of the incorrect guidelines range affected his or her substantial rights. *Id.* at 1341. The Supreme Court noted

that "most Court of Appeals have not adopted so rigid a standard", *id.* at 1341, and the Third Circuit appears to be among those circuits that already permitted a defendant to challenge such a sentencing error. *See United States v. Knight*, 266 F.3d 203, 207 (3d Cir. 2001) (application of an incorrect guideline range resulting in a sentence that is also within the correct range presumptively affects substantial rights).

Because Petitioner has not provided <u>any facts</u> about the alleged error in his Guidelines sentence, the Court declines to construe the letter as a motion to amend his current petition, as it does not meet the requirements of Rule 2 of the Rules Governing Section 2255 Motions. Even if the Court were to set aside the insufficiency of Plaintiff's allegations, any claim regarding an alleged error in the Guidelines range could have been raised on direct appeal under then-existing Third Circuit precedent. As such, *Molina-Martinez* does not provide a basis for Petitioner to belatedly raise this claim.

For the reasons explained in this Memorandum Opinion, the Court will dismiss the Petition as untimely. The Court will also deny a Certificate of Appealability ("COA"). When a district court denies a habeas petition on procedural grounds, a Certificate of Appealability is only appropriate if (1) "jurists of reason ... could conclude the [constitutional] issues presented are adequate to deserve encouragement to proceed further," *Perry v. Diguglielmo*, 169 F. App'x 134, 136 (3d Cir. 2006) (citing *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)), <u>and</u> (2) "jurists of reason would find it debatable whether the district court was correct in its procedural ruling," *Id.* (citing *Slack v. McDaniel*, 529 U.S. 473, 478 (2000)). Here, the Court's procedural ruling that the Petition is untimely is not debatable in light of *Thomas*, 713 F.3d at 174, and, as such, no certificate of appealability shall issue. An appropriate Order follows.

*s/Freda L. Wolfson 2/28/2018*
Freda L. Wolfson
United States District Judge