## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____

RUBEN ROSADO,                       :

                                :

           Petitioner,           :        Civ. No. 15-718 (FLW)

                                :

       v.                         :

                                :

UNITED STATES,                  :        **MEMORANDUM OPINION**

                                :

           Respondent.        :

_____  :

## FREDA L. WOLFSON, Chief U.S.D.J.

Petitioner, Ruben Rosado ("Rosado"), is a federal prisoner who filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, which the Court dismissed as untimely. Presently before the Court are two motions by Rosado:  (1) a "Motion to File a Fed. R. Civ. P. Under 60(c)(1) in Light of 28 U.S.C. 2255(f)(3)–(4)," (ECF No. 19), and (2) a motion for a status update, (ECF No. 20).  For the following reasons, the motions are denied.

Rosado filed a motion to vacate, set aside, or correct his sentence under, 28 U.S.C. § 2255, arguing that his guilty plea should be considered involuntary.  (ECF No. 1.)  On February 28, 2018, the Court denied Rosado's § 2255 motion as untimely, finding that Rosado's conviction became final on January 25, 2010, but that he did not file his § 2255 motion until January 28, 2015—well after the expiration of the one-year limitations period.  (*See* ECF Nos. 9 & 10.)  Rosado subsequently made various filings, which the Court construed as attempts to appeal the dismissal. (*See* ECF Nos. 11–13.)  Accordingly, on August 14, 2018, the Court directed the Clerk to file one of these documents *nunc pro tunc* as a notice of appeal.  (ECF No. 15.)  The United States Court of Appeals for the Third Circuit denied Rosado's request for a certificate of appealability on January 23, 2019.  (ECF No. 18.)

Rosado has now filed a motion that the Court construes as an attempt to obtain relief from a judgment or order under Federal Rule of Civil Procedure 60(b). (ECF No. 19.) Rosado contends that two recent cases before the Supreme Court of the United States, *Garza v. Idaho*, 139 S. Ct. 738 (2019), and *Rosales-Mireles v. United States*, 138 S. Ct. 1897 (2018), could permit him to raise timely § 2255 claims. (*See* ECF No. 19 at 1–2.) This argument is premised, however, upon Rosado's assertion of new claims for ineffective assistance of counsel allegedly arising under those cases. (*See id.* at 2–6.) Specifically, Rosado contends that his trial counsel was ineffective for failing to file an appeal related to an alleged sentencing guideline miscalculation during plea negotiations. (*See id.*) Rosado asserts that these arguments "would relate back" and "should be consider[ed] as [a] post-judgement motion to amend." (*Id.* at 2.) Rosado subsequently filed a "motion for status update," seemingly to bring to the Court's attention that the Supreme Court had issued its opinion in *Garza*.[1] (ECF No. 20.)

Rule 60(b) permits a Court to grant relief from a final judgment on any of the following bases:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

---

[1] Rosado filed his initial motion before the Supreme Court had issued its opinion in *Garza*, but based on an assumption, which turned out to be correct, that the *Garza* decision would abrogate the Third Circuit's decision in *United States v. Mabry*, 536 F.3d 231 (3d Cir. 2008). (*See* ECF No. 19.)

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). As Rosado's argument that new Supreme Court caselaw saves his claims from being time barred does not seem to fit into any other enumerated basis, I construe his argument as seeking relief under the catch-all clause of Rule 60(b)(6).[2] Relief under this provision requires the movant to show "extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur." *Sawka v. Healtheast, Inc.*, 989 F.2d 138, 140 (3d Cir. 1993); *Cox v. Horn*, 757 F.3d 113, 115 (3d Cir. 2014).

The standard for granting relief from judgment under Rule 60(b)(6) is, ultimately, irrelevant, however, as Rosado's motion must be treated as an attempt to file a second or successive § 2255 motion. In *Gonzalez v. Crosby*, 545 U.S. 524 (2005), the Supreme Court found that "[u]sing Rule 60(b) to present new claims for relief from a state court's judgment of conviction—even claims couched in the language of a true Rule 60(b) motion—circumvents AEDPA's requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts." *Id.* at 531. Thus, when a motion asserts that "a subsequent change in substantive law is a reason justifying relief from the previous denial of a claim . . . [,] such a pleading, although labeled a Rule 60(b) motion, is in substance a successive habeas petition and should be treated accordingly." *Id.* Although *Gonzalez* concerned a petition for writ of habeas corpus seeking relief from a state conviction, under 28 U.S.C. § 2254, the Third Circuit has found its holding equally applicable to motions to vacate, set aside, or correct a

---

[2] While Rosado does correctly posit that the Supreme Court, in *Garza*, overturned the Third Circuit's decision in *United States v. Mabry*, 536 F.3d 231 (3d Cir. 2008), (ECF No. 19 at 2), I do not find that this raises a basis for relief under Rule 60(b)(5), as the Court's prior decisions in this case included no citation to or reliance on *Mabry*.

sentence under 28 U.S.C. § 2255. *See United States v. Donahue*, 733 F. App'x 600, 602–03 & n.3 (3d Cir. 2018).

Thus, under *Gonzalez*, this Court can exercise jurisdiction over Rosado's motion "only if it [is] a true Rule 60 motion, and not an attempt to circumvent the requirements for filing a new § 2255 motion." *Id.* (citing *Robinson v. Johnson*, 313 F.3d 128, 139–40 (3d Cir. 2002). When a second or successive petition is filed in a district court, absent leave from the appropriate Court of Appeals, "the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Robinson*, 313 F.3d at 139.

Although the Third Circuit has also held that a Rule 60(b) motion does not constitute a second or successive § 2255 motion when it challenges the district court's dismissal of a proceeding as untimely, *United States v. Andrews*, 463 F. App'x 169, 171–72 (3d Cir. 2012), the circumstances here are distinguishable. While Rosado does seek relief from a final order dismissing his proceeding as untimely, he does not, unlike in *Andrews*, argue that the Court erred by finding his original claims untimely or that there are grounds to justify the tolling of those claims. (*See* ECF No. 19.) Instead, he attempts to raise *new* grounds to vacate his criminal judgment which, he argues, would be timely under the provision of § 2255 concerning rights newly recognized by the Supreme Court. (*See id.*)

Ultimately, there is no doubt that Rosado attempts to raise new claims for relief in his present Rule 60 motion. In his original § 2255 motion, Rosado asserted that his guilty plea was involuntary due to a sentencing guidelines miscalculation by the Court during initial plea negotiations. (*See* ECF No. 1.) In this purported Rule 60 motion, Rosado newly contends that his counsel was ineffective by failing to file an appeal on his behalf. (*See* ECF No. 1 at 2.) Indeed, he explicitly acknowledges that this claim was not previously asserted and contends that

his proposed amendment should be allowed to relate back to the original § 2255 motion. (*See id.* at 2–4.)

Thus, Rosado's present motions must be construed as an attempt to file a second or successive § 2255 motion, over which the Court cannot exercise jurisdiction. Instead, the Court can only dismiss the proceeding or transfer it to the Third Circuit. 28 U.S.C. § 1631; *Robinson*, 313 F.3d at 139. Under 28 U..S.C. § 1631, a court should transfer a second or successive petition to the Circuit only if it is "in the interests of justice [to] transfer" it. § 1631. Under 28 U.S.C. § 2255(h), a Court of Appeals may certify a second or successive § 2255 motion only where the claim is based on newly discovered evidence that, if proven, would be "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense" or is based on "a new rule of constitutional law, made retroactive to cases on collateral review . . . that was previously unavailable." 28 U.S.C. § 2255(h).

Rosado's argument is that the Supreme Court decisions in *Garza* and *Rosales-Mireles* reset his time to raise his present claims under 28 U.S.C. § 2255. He has not, however, shown how either of these cases applies to his circumstances. The *Garza* Court held that counsel acted deficiently by disregarding a request to file an appeal and that this failure was presumptively prejudicial, despite Garza's waiver of appellate rights as part of his plea agreement. *See Garza*, 139 S. Ct. at 746–49. Rosado, however, makes no allegation that he ever directed his counsel to file an appeal. *Rosales-Mireles* held that a Court of Appeals could consider an argument first raised on direct appeal that a criminal defendant had been sentenced using miscalculated sentencing guidelines, even when the miscalculation resulted in a guidelines variance of only seven months. *See Rosales-Mireles*, 138 S. Ct. at 1905, 1906–09. This holding has no bearing on Rosado's attempt to argue in a § 2255 proceeding that his guilty plea was involuntary because

of an alleged guidelines calculation error during negotiation of a prior, rejected plea offer.

Accordingly, as Rosado's claims are not based on a new rule of constitutional law, the Court of

Appeals would unlikely certify his motion as a permissible second or successive § 2255 motion.

Therefore, the Court concludes that the interests of justice do not support transferring the motion

to the Third Circuit.

For the foregoing reasons, the Court finds that Rosado's motions purportedly seeking

relief under Federal Rule of Civil Procedure 60 must be construed as an attempt to file a second

or successive motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.

Accordingly, the Court lacks jurisdiction to consider these motions, and they are DENIED.  The

Court finds that transferring these motions to the Court of Appeals for the Third Circuit as an

application for leave to proceed with a second or successive § 2255 motion would not be in the

interests of justice.


DATED:  September 10, 2019                    /s/ Freda L. Wolfson
                                              FREDA L. WOLFSON
                                              U.S. Chief District Judge